An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ARTHUR E. LARSON,
Appellant,
vs.
DON'S D.I. AUTO SERVICE,
Respondent.

No. 61417

FILED

MAR 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from a district court summary judgment in a tort action.[1] Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Appellant brought a negligence action for work performed by respondent Don's D.I. Auto Service on a vehicle, which allegedly resulted in a fire in the vehicle's engine compartment. Don's D.I. Auto Service filed a motion for summary judgment on the basis that appellant's brother owned the vehicle at the time of the fire and that appellant lacked standing to bring this action. The district court granted summary judgment and this appeal followed.

This court reviews summary judgments de novo. Wood v. Safeway, Inc., 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate if the pleadings and other evidence on file, viewed

---

[1]We direct the clerk of this court to amend the caption to conform to the caption on this order. Having reviewed the district court record, it appears that appellant never served Luis Serrata, Farmers Insurance Group, Rachael R. Jozwiak, and Richard T. Kreps. As they were never made a party in the district court, Luis Serrata, Farmers Insurance Group, Rachael R. Jozwiak, and Richard T. Kreps are not proper parties on appeal. See Valley Bank of Nevada v. Ginsburg, 110 Nev. 440, 447, 874 P.2d 729, 734 (1994) (providing that an aggrieved party is one who is named in the record and served with process or enters an appearance).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07873

in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute and that the moving party is entitled to judgment as a matter of law. Id. To withstand summary judgment, the nonmoving party cannot rely solely on general allegations and conclusions set forth in the pleadings, but must instead present specific facts demonstrating the existence of a genuine factual issue supporting his claims. NRCP 56(e); see also Wood, 121 Nev. at 731, 121 P.3d at 1030-31.

Having reviewed the proper person appeal statement and record on appeal, we conclude that the district court properly awarded summary judgment in favor of respondents. In support of its motion, Don's D.I. Auto Service produced statements made by appellant that appellant's brother was the owner of the vehicle at the time of the fire, while appellant failed to produce any evidence showing that he owned, or partially owned, the vehicle at the time of the fire. Rather, the evidence produced by appellant supported Don's D.I. Auto Service's position that appellant's brother owned the vehicle at the time of the fire. As appellant failed to present specific facts demonstrating the existence of a genuine factual issue regarding ownership of the vehicle and his standing to maintain this action, see NRCP 56(e); Wood, 121 Nev. at 731, 121 P.3d at 1030-31, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                                        Saitta

 

cc:    Hon. Joanna Kishner, District Judge
Arthur E. Larson
David L. Riddle & Associates
Eighth District Court Clerk